IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRY GRAHAM, | No. CIV S-10-2265-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DOUGLAS L. GARDNER, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names as the only defendant to this action Douglas L. Gardner, who is alleged to be an attorney appointed by the state court to represent plaintiff in the context of apparently ongoing state court criminal proceedings.  Plaintiff alleges, in general, that counsel is rendering ineffective assistance.  The court will abstain from hearing the claim at this time. Principles of comity and federalism require that this court abstain and not entertain a pre-conviction lawsuit raising claims related to ongoing state court criminal proceedings unless he shows that:  (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention.  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980).  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.  See id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).  In this case, plaintiff does not allege harassment on the part of the prosecution, nor does he allege any "special circumstances" warranting pre-conviction federal intervention.  The alleged problems about which plaintiff complains are matters that can and should be addressed in the first instance by the state trial court, and then by the state appellate courts, before he seeks federal intervention.

/ / /

/ / /

/ / /

      Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

      Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2010

                                                  */s/ Craig M. Kellison*
                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE